1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JORGE P. RUIZ,

11            Petitioner,                 No. 2:11-cv-3415 KJN P

12        vs.

13   CONNIE GIBSON, Warden,

14            Respondent.              ORDER

15   _____/

16            Petitioner is a state prisoner proceeding without counsel.  On February 14, 2012,

17   petitioner filed a request for judicial notice, asking the court for the status of his motion for stay

18   and abeyance filed in the Northern District of California.  On December 13, 2011, petitioner filed

19   a request for judicial notice in the Northern District; appended to such request was a request for a

20   stay and abeyance of this action under Rhines v. Weber, 544 U.S. 269 (2005).[1]  (Dkt. No. 2.)

21   The case was subsequently transferred to the Eastern District, and on January 27, 2012,

22   respondent was directed to file a responsive pleading.  On February 21, 2011, petitioner re-filed

23   the motion for stay and abeyance, signed November 1, 2011, and re-filed the accompanying

24   request for judicial notice.

25

26     [1]  Petitioner does not have to ask the court to take judicial notice when filing court
     documents.  Motions should be filed as motions, without a request for judicial notice.

                                    1

1    While not clear from the original petition, petitioner now states that three of his

2 claims are not exhausted.  Two of petitioner's claims were exhausted on direct appeal by

3 petitioner's defense attorney.  Petitioner recently filed a petition for writ of habeas corpus in the

4 Sacramento County Superior Court raising three new claims.  All five of these claims are

5 included in the petition.  Petitioner seeks to "stay and abey" the habeas petition while petitioner

6 exhausts the three new claims in the state courts.

7    A federal district court may not address the merits of a petition for writ of habeas

8 corpus unless the petitioner has exhausted state court remedies with respect to each of his federal

9 claims.  Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1).  The instant petition

10 appears to be a "mixed petition," containing both exhausted and unexhausted claims.  Under

11 Rhines, a district court may stay a mixed petition if the following conditions are met:  (1) "the

12 petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially

13 meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory

14 litigation tactics."  Id., 544 U.S. at 278.  The Supreme Court has made clear that this option

15 "should be available only in limited circumstances."  Id. at 277.  Moreover, a stay that is granted

16 pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a

17 petitioner's return to state court.  Id. at 277-78.

18    Good cause appearing, respondent is directed to file an opposition or statement of

19 non-opposition to the motion for stay on or before March 27, 2011.  Petitioner's reply shall be

20 filed fourteen days thereafter.

21    Accordingly, IT IS HEREBY ORDERED that:

22    1. The Clerk of the Court is directed to send respondent a copy of petitioner's

23 December 13, 2011 request for stay (dkt. no. 2); and

24 ////

25 ////

26 ////

1        2.  Respondent shall file an opposition or statement of nonopposition to

2   petitioner's December 13, 2011 motion for stay on or before March 27, 2012; petitioner's reply,

3   if any, shall be filed fourteen days thereafter.

4   DATED:  February 23, 2012

5

6   _____
    KENDALL J. NEWMAN

7   UNITED STATES MAGISTRATE JUDGE

8   ruiz3415.fb

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26