IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE P. RUIZ,

Petitioner, No. 2:11-cv-3415 MCE KJN P

vs.

CONNIE GIBSON, Warden,

Respondent. FINDINGS AND RECOMMENDATIONS

_________________________/

Petitioner is a state prisoner proceeding without counsel. On April 10, 2012, petitioner filed a motion for extension of time to file a reply to respondent's opposition to petitioner's motion for stay. On April 16, 2012, petitioner filed a reply. Good cause appearing, petitioner's motion is granted nunc pro tunc, and the April 16, 2012 reply is deemed timely filed.

Petitioner's motion for stay and abeyance is now before the court. On February 14, 2012, petitioner filed a request for judicial notice, asking the court for the status of his motion for stay and abeyance of this action under Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines"), filed in the Northern District of California. It appears that on December 13, 2011, petitioner filed a request for judicial notice, to which petitioner appended a request for the stay and abeyance.[1]

[1] Petitioner does not have to ask the court to take judicial notice when making court filings. Motions should be filed as motions, without the request for judicial notice subtitle.

(Dkt. No. 2.) The case was subsequently transferred to the Eastern District, and on January 27, 2012, respondent was directed to file a responsive pleading.

Petitioner concedes that three of his claims are not exhausted. Petitioner's first two claims were exhausted on direct appeal: (1) there was insufficient evidence to prove the hate crime special circumstance; and (2) the trial court erred in failing to conduct a Marsden hearing. Claims three through five are unexhausted, and petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court raising these claims: (3) the arbitrary exclusion of admissible material evidence; (4) insufficient evidence of first degree murder; and (5) trial counsel rendered ineffective assistance of counsel by failing to investigate or present an alibi defense. All five claims are included in the instant petition. Petitioner now seeks to stay and abey the habeas petition while petitioner exhausts the three new claims in the state courts. Petitioner claims he is a Mexican national who cannot read or write english, and that he was confused as to filing requirements under Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Respondent opposes petitioner's motion on the grounds that petitioner unreasonably delayed presentation of the three new claims in state court, and that petitioner failed to show that the three new claims are not plainly meritless.

In his reply, petitioner adds factual support to his claim that as a Mexican national who cannot speak or read english, petitioner was unable to access legal materials in his native language, or to obtain assistance, particularly legal, from someone who could interpret petitioner's claims. Petitioner states he could not read his trial transcripts because they are written in english. Petitioner provides a list of materials available at the law library at California State Prison, Corcoran, and none of them are written in spanish. Petitioner reiterates that his illiteracy contributed to his confusion as to filing deadlines under Pace.

A federal district court may not address the merits of a petition for writ of habeas corpus unless the petitioner has exhausted state court remedies with respect to each of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). The instant petition

appears to be a "mixed petition," containing both exhausted and unexhausted claims. Under Rhines,[2] a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal

---

[2] The instant petition is not fully exhausted, and petitioner has not asked for a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). If the petition currently on file was fully exhausted, petitioner could seek a stay-and-abeyance order to exhaust claims not raised in that federal petition under Kelly. The Ninth Circuit has warned, however, that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009).

petition. Id., at 416-17. However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.

The following facts are relevant to the good cause determination. Petitioner was convicted in 2008. His appeal was denied on September 28, 2010. People v. Ruiz, 2010 WL 3757056 (Cal. App. 3 Dist., 2010). The California Supreme Court denied the appeal on October 28, 2010. (Dkt. No. 1 at 3.) Petitioner's conviction became final ninety days later, on January 26, 2011, when the time for seeking certiorari with the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on January 27, 2011. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Under the mailbox rule, petitioner filed his first petition for writ of habeas corpus in the Sacramento County Superior Court on November 1, 2011.[3] By November 1, 2011, 278 days of the statute of limitations period had expired. Petitioner concedes he has not presented claims three through five to the California Supreme Court. Thus, absent tolling, petitioner's last day to file his federal petition was on January 27, 2012. Petitioner constructively filed the federal habeas petition in this court on November 1, 2011. Rule 3(d) of the Federal Rules Governing Section 2254 Cases. Therefore, the instant petition is timely filed.

Petitioner identifies several factors that provide justification for granting stay and abeyance. Petitioner argues that, under Pace, "a habeas petitioner's reasonable confusion about state court filing requirements, the petitioner can file a 'protective petition' in federal court."

---

[3] See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

(Dkt. No. 2 at 9.) In Pace, 544 U.S. at 416, the Supreme Court approved the filing of "protective petitions":

> Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus that his federal habeas petition is time barred. Brief for Petition 30. A prisoner seeking post conviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 1531 (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

Pace, 544 U.S. at 416. Petitioner argues that his illiteracy in the english language added to his confusion about filing deadlines. Petitioner has factually supported his claim that legal materials were not provided in spanish, and petitioner was unable to obtain legal assistance or an interpreter to assist him in discovering his legal claims. This court finds that petitioner is entitled to a stay under Pace. Id., 544 U.S. at 416.

Moreover, petitioner filed his first state court habeas petition on the same day as the federal petition. Unlike the petitioner in Rhines, who had not yet begun exhaustion proceedings in state court as to Rhines' unexhausted claims, petitioner is presently pursuing exhaustion of his state court remedies as to claims three through five. Thus, granting petitioner the stay will not unduly delay resolution of petitioner's habeas claims.[4]

Respondent contends that petitioner's motion to dismiss should be denied because "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt

---

[4] Moreover, if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). Thus, if petitioner received a ruling from the California Supreme Court on the presently-pending state court habeas petition, prior to resolution of the instant federal petition, petitioner could move to amend the instant petition to include any newly-exhausted claims. Id. Therefore, judicial economy is also served by granting the instant stay.

filing." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). However, petitioner's inability to read or write english, when taken together with his inability to obtain research materials in spanish or obtain legal assistance or an interpreter, and his confusion as to filing requirements, elevate petitioner's claims above a standard claim of ignorance of the law.

For all of these reasons, the court finds that petitioner has shown good cause to issue a stay under Rhines, 544 U.S. at 278. In view of the limited record before the court at this stage of the proceedings, this court cannot conclude that all of petitioner's unexhausted claims are plainly without merit. Moreover, because these three claims are presently pending before the state court, under comity, this court should defer to the state court to have the initial opportunity to correct the state's alleged constitutional deprivations. See Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose, 455 U.S. at 518; Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988). Further, it does not appear that petitioner intentionally engaged in dilatory litigation tactics. Indeed, petitioner filed his state court petition as soon as practicable once he identified the three unexhausted claims. Thus, petitioner's motion for stay should be granted.

While the court recommends granting petitioner's motion for stay, petitioner is cautioned that he must not unreasonably delay his efforts to exhaust claims three through five in the state courts. See Evans v. Chavis, 546 U.S. 189, 193-94 (2006) (while some states permit a thirty to sixty day delay, a six month delay between a ruling from a lower state court and the filing of the petition in the next higher state court is presumptively unreasonable.) Petitioner should expeditiously exhaust his state court remedies as to claims three through five, and promptly seek to lift the stay once the California Supreme Court rules on these claims.

Therefore, petitioner's motion for stay should be granted, and petitioner be directed to file in this court, within thirty days from the date the California Supreme Court issues a final order resolving petitioner's claims three through five, a motion to lift the stay.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's April 10, 2012 motion for extension (dkt. no. 26) is granted;

2. Petitioner's April 16, 2012 reply (dkt. no. 27) is deemed timely filed; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for "stay and abeyance" (dkt. no. 19) be granted, and

2. Petitioner be directed to file a motion to lift the stay in this court, within thirty days from the date the California Supreme Court issues a final order resolving petitioner's claims three through five.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 30, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ruiz3415.styg